IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDRICK P. POTTER, JR., LANDOL FLETCHER AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONVERGEX GROUP LLC, CONVERGEX EXECUTION SOLUTIONS LLC, CONVERGEX GLOBAL MARKETS LTD., CONVERGEX HOLDINGS LLC, G-TRADE SERVICES LLC, & DOES 1-10,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION No. 13-cv-9150 (LLS)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' LOCAL RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants ConvergEx Group LLC ("Group"), ConvergEx Execution Solutions LLC ("CES"), ConvergEx Global Markets Limited ("CGM"), ConvergEx Holdings LLC ("Holdings"), and G-Trade Services LLC ("G-Trade") (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby submit this Local Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment in the above-captioned action.

1. Plaintiff Frederick P. Potter, Jr. is one of the Trustees of the Teamsters Local 469 Pension Plan ("Teamsters Plan") and is a participant in the Teamsters Plan. (Amended Complaint ("AC") (Dkt. 25) ¶ 16.)

2. According to the Amended Complaint, from approximately 2006 through 2011, Defendants offered "transition management" and brokerage trading services, including the execution of equity orders for institutional customers. (AC ¶¶ 1-4.)

3. These institutional customers included, in some instances, asset managers who managed funds on behalf of ERISA retirement plans. (Declaration of Bea Ordonez ("Ordonez Decl.") ¶ 9.)

4. Bea Ordonez, chief operations officer of G-Trade Services LLC, reviewed Defendants' books and records related to the alleged trading spread earned on trades routed to CGM between October 2006 and December 2011, which review included an examination of the "Client End of Day" and "Booked Trades" tables within the firm's trading system, G-Pro, as well as a review and search of the client and subaccount tables in G-Pro and the client and subaccount tables in G-Trade's in-house new accounts system. (Ordonez Decl. ¶¶ 1-4.)

5.  Teamsters Local 469 was a customer of an entity that was merged into CES in 2006 and that provided commission recapture services unrelated to the brokerage and transition management services provided and at issue in this litigation.  (Ordonez Decl. ¶ 10.)

6.  Based on records related to the provision of commission recapture services, Ms. Ordonez determined that only five asset managers had discretion to trade on behalf of the Teamsters Plan in any capacity.  (Ordonez Decl. ¶ 11.)

7.  Of these five asset managers with discretion to trade on behalf of the Teamsters Plan, only one was net traded at all by CGM.  (Ordonez Decl. ¶ 11.)

8.  A review of that asset manager's subaccounts revealed the names of each of its clients, and also revealed each of those clients on whose behalf the asset manager routed trades to CGM or Bermuda, and who therefore may have been exposed to alleged net trading. (Ordonez Decl. ¶ 12.)

9.  The Teamsters Plan was not one of those accounts on whose behalf trades were routed to CGM and/or whose trades incurred undisclosed markups and markdowns.  (Ordonez Decl. ¶ 13.)

10.  The Teamsters Plan was not a customer of any of the Defendants named in this litigation with respect to any of the allegedly illicit trading cited in the Complaint.  (Ordonez Decl. ¶ 5.)

| | |
|---|---|
| Dated: June 9, 2014<br>New York, New York | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br><br>By:   /s/ Melissa D. Hill<br>Brian T. Ortelere<br>Jeremy P. Blumenfeld<br>Melissa D. Hill<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>E-mail: bortelere@morganlewis.com<br>          jblumenfeld@morganlewis.com<br>          melissa.hill@morganlewis.com<br><br>*Attorneys for Defendants* |