# KELLER ROHRBACK L.L.P.

LAURIE B. ASHTON ①⑤❽
IAN S. BIRK
JAMES A. BLOOM ①❽
KAREN E. BOXX
GRETCHEN FREEMAN CAPPIO
ALISON CHASE ①④❽
T. DAVID COPLEY ③
ROB J. CRICHTON ❷
MAUREEN M. FALECKI
JULI FARRIS ④
RAYMOND J. FARROW
ERIC J. FIERRO ①❽
ALISON S. GAFFNEY
GLEN P. GARRISON ❻
LAURA R. GERBER
MATTHEW M. GEREND
GARY A. GOTTO ①❽
BENJAMIN GOULD ④
CHRISTOPHER GRAVER ①❽

MEREDITH L. GRAY ❷
GARY D. GREENWALD ①❹❽
MARK A. GRIFFIN ③
AMY N.L. HANSON
IRENE M. HECHT
SCOTT C. HENDERSON
MICHAEL G. HOWARD
KHESRAW KARMAND ❷❽
DEAN N. KAWAMOTO ④❻
RON KILGARD ①❷❻❽
KATHRYN M. KNUDSEN
DAVID J. KO
ERIC R. LALIBERTE
BENJAMIN J. LANTZ
LUKE M. LARIVIERE
CARI CAMPEN LAUFENBERG
ELIZABETH A. LELAND
MICHAEL M. LICATA
TANA LIN ⑦⑨❻

DEREK W. LOESER
HOLLY E. LYNCH
RYAN MCDEVITT
DANIEL MENSHER ❸
IAN J. MENSHER
GRETCHEN S. OBRIST
ROBERT S. OVER
DAVID S. PREMINGER ①❽
MATTHEW J. PREUSCH ❷❸❽
ERIN M. RILEY
ISAAC RUIZ
DAVID J. RUSSELL
MARK D. SAMSON ①❻❽
LYNN LINCOLN SARKO ❻❼
WILLIAM C. SMART
THOMAS A. STERKEN
BETH M. STROSKY
KARIN B. SWOPE
PAUL A. TONELLA

HAVILA C. UNREIN ④⑩
AMY WILLIAMS-DERRY
MICHAEL WOERNER
BENSON D. WONG
DIANA M. ZOTTMAN ③

① ADMITTED IN ARIZONA
② ADMITTED IN CALIFORNIA
③ ALSO ADMITTED IN ARIZONA
④ ALSO ADMITTED IN CALIFORNIA
⑤ ALSO ADMITTED IN COLORADO
⑥ ALSO ADMITTED IN IDAHO
⑦ ALSO ADMITTED IN ILLINOIS
⑧ ALSO ADMITTED IN MARYLAND
⑨ ALSO ADMITTED IN MICHIGAN
⑩ ALSO ADMITTED IN MONTANA
❶ ADMITTED IN NEW YORK
❷ ALSO ADMITTED IN NEW YORK
❸ ALSO ADMITTED IN OREGON
❹ ALSO ADMITTED IN OHIO
❺ ALSO ADMITTED IN TEXAS
❻ ALSO ADMITTED IN WASHINGTON, D.C
❼ ALSO ADMITTED IN WISCONSIN
❽ NOT ADMITTED IN WASHINGTON

October 14, 2015

**VIA ECF**
Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom #21C
New York, NY 10007-1312

      Re:    *Potter, et al. v. ConvergEx Group LLC, et al.*
              No. 13-cv-1950

Dear Judge Stanton:

      We are co-counsel for Plaintiffs in the referenced action. We write concerning a recent development pertinent to Defendants' pending Motion to Dismiss Plaintiff's Amended Complaint herein (the "Motion").

      Recent events undermine the argument made by Convergex in their memorandum in support of the Motion (Dkt. No. 30) concerning the standing of L.D. Fletcher as Plaintiff in this action. Defendants correctly assert that "the Complaint notably does *not* allege that Plaintiff or any other participant in, or beneficiary of, the Central States Plan failed to receive any benefits to which he or she is entitled." *Id*. at 15-16. Plaintiff has opposed the Motion and contends that the truth of that assertion in no way precludes Mr. Fletcher's standing. Plaintiff maintains that position but recent events further undercut Defendants' argument.

      When the Amended Complaint was filed, ERISA did not permit reductions in vested benefits. The adoption of the Multiemployer Pension Reform Act of 2014 "(MPRA"), Public Law 113-235, 128 Stat. 2774, signed by the President on December 16, 2014, amended ERISA and for the first time since ERISA's passage in 1974, permitted such reductions by pension funds unable to forestall insolvency in any other way.

Hon. Louis L. Stanton  **KELLER ROHRBACK L.L.P.**
October 14, 2015
Page 2

     Relying on the MPRA amendments to ERISA, on October 1, 2015, the Central States Pension Fund ("Central States"), in which Mr. Fletcher is a participant and on behalf of which he has brought the referenced action, announced drastic revisions to its Schedule of Benefits. The revisions announced dramatic reductions in benefits that will affect both current retirees and active employees such as Mr. Fletcher.

     In particular, Central States informed Mr. Fletcher that, assuming he retires on his Normal Retirement Date in 2018, his monthly benefit will not be the $3,700.88 per month it would have been absent the MPRA, but will only be $2,665.15 per month, a reduction of $1,035.73 per month or 28%. A true and correct copy of the Central States Notice to Mr. Fletcher, which states that such reductions will affect the pensions of many Central States participants and retirees, is attached.

     Plaintiff respectfully requests that because of the particular relevance of this information, it should be considered in opposition to the Motion. Plaintiff concedes that this information was not addressed in his Amended Complaint but, as stated, it could not have been because it has been in existence only two weeks. Should the Court determine that a further amendment to Plaintiff's pleading is required for the Court to consider this development, Plaintiff would of course file such a document forthwith. Plaintiff would also be willing to submit supplemental briefing with respect to this issue should the court so desire.

                    Very truly yours,

                    */s/ David S. Preminger*

                    David S. Preminger

EMR:kb
Enclosure

Cc: All Counsel of Record (via electronic mail)